An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123

IN THE SUPREME COURT OF THE STATE OF NEVADA

WILLIAM THOMAS BONNIE,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 60735



FILED

FEB 13 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of grand larceny auto and malicious injury to a vehicle. Eighth Judicial District Court, Clark County; Ronald J. Israel, Judge. Appellant William Bonnie raises multiple arguments on appeal.

First, Bonnie argues that the evidence was insufficient to support his conviction for malicious injury to a vehicle because no one saw him commit the crime.[1] We disagree, and conclude that the evidence, when viewed in the light most favorable to the State, is sufficient to establish guilt beyond a reasonable doubt as determined by a rational trier of fact. See Jackson v. Virginia, 443 U.S. 307, 319 (1979); see also Wilkins v. State, 96 Nev. 367, 374, 609 P.2d 309, 313 (1980). The jury heard testimony that Bonnie entered a bar holding Lafe Cole's cell phone which

---

[1]Bonnie also argues that there was insufficient evidence to convict him of burglary. Bonnie was not convicted of any burglary. Assuming Bonnie meant to contest his conviction for grand larceny auto, we conclude that there was sufficient evidence to allow a rational juror to find him guilty of the crime. Jackson, 443 U.S. at 319; Wilkins, 96 Nev. at 374, 609 P.2d at 313; NRS 205.228(1).

SUPREME COURT
OF
NEVADA

(O) 1947A

13-04677

had been stored in the center console of his vehicle. Bonnie initially stated that the phone was his and then that he found it outside. Bonnie and his codefendant became upset. The general manager of the bar testified that he went outside with Bonnie and did not notice any damage to Cole's vehicle at the time. The manager left Bonnie and his codefendant outside. Shortly thereafter, Cole left the bar and discovered that a large stone had been thrown through his windshield. A police officer arrived on the scene and noticed footprints in the ground that he later determined to be visually consistent with Bonnie's. Accordingly, we conclude that a reasonable juror could have found that Bonnie was responsible for the injury to Cole's vehicle. NRS 205.274(1).

Second, Bonnie argues that the district court abused its discretion by allowing evidence of prior bad acts when the arresting police officer, unprompted by the State, testified that he recognized Bonnie's name and another officer testified that he recognized Bonnie's codefendant. Bonnie submits that this signaled to the jury that he had prior contact with law enforcement. We conclude that the district court did not err because the prosecutor did not act in bad faith and the statements did not necessarily imply that Bonnie had a history of criminal activity. See Domingues v. State, 112 Nev. 683, 695, 917 P.2d 1364, 1373 (1996). We further conclude that, in light of the substantial evidence against Bonnie, any error in admitting the statements was harmless beyond a reasonable doubt. See id.

Third, Bonnie argues that the district court erred by denying his motion to sever his trial from that of his codefendant. Bonnie failed to provide this court with transcripts from arguments related to his motion to sever or the district court's denial of said motion which we believe are

relevant to the issue of whether the district court abused its discretion. NRAP 30(b)(1). "It is [the] appellant's responsibility to make an adequate appellate record." Johnson v. State, 113 Nev. 772, 776, 942 P.2d 167, 170 (1997). Because the record provided does not properly establish any lower court error or prejudice to Bonnie, we conclude that he failed to demonstrate that he is entitled to relief. See id.

Fourth, Bonnie argues that the district court erred by allowing police officers to testify as experts without proper notice from the State. "A district court's decision to admit or exclude evidence rests within its sound discretion and will not be disturbed unless it is manifestly wrong." Libby v. State, 115 Nev. 45, 52, 975 P.2d 833, 837 (1999). Bonnie submits that a police officer's testimony that he did not conduct a fingerprint analysis on the stolen vehicle because he did not believe it would be conducive for prints, and that the tread on Bonnie's shoes was similar to the imprint he saw near the stolen vehicle, constituted improper expert testimony. The district court did not abuse its discretion because the testimony was within the police officer's lay experience and did not constitute expert testimony, thus no notice was required from the State. See NRS 50.265.

Fifth, Bonnie argues that cumulative error deprived him of a fair trial. Because Bonnie has demonstrated only one possible error, we conclude that Bonnie is not entitled to relief on this claim. See U.S. v. Sager, 227 F.3d 1138, 1149 (9th Cir. 2000) ("One error is not cumulative error."); see also, Hoxsie v. Kerby, 108 F.3d 1239, 1245 (10th Cir. 1997) ("Cumulative-error analysis applies where there are two or more actual errors.").

Having considered Bonnie's contentions and determined that they do not warrant relief, we[2]

ORDER the judgment of conviction AFFIRMED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc:    Hon. Ronald J. Israel, District Judge
       Law Offices of Morton-Myles
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk

---

[2]Bonnie's fast track statement does not comply with NRAP 3C(h)(1) and 32(a)(4) because it does not have 1-inch margins on all four sides. We caution counsel that future failure to comply with formatting requirements when filing briefs with this court may result in the imposition of sanctions. NRAP 3C(n); NRAP 32(e).

